IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TITAN WHEEL CORPORATION OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MCDONALD STEEL CORPORATION, | ) ) |
| Defendant/Third Party Plaintiff, | ) ) |
| v. | ) ) |
| HAMILTON SPECIALTY BAR (2007), INC., | ) ) ) |
| Third-Party Defendant. | ) |

Case No. 17-3141

OPINION

RICHARD MILLS, United States District Judge:

This case poses a fundamental question of jurisdiction.

Pending is the motion to dismiss of Third-Party Defendant Hamilton Specialty Bar (2007), Inc.

I.  BACKGROUND

Third-Party Defendant Hamilton Specialty Bar ("Hamilton") seeks an Order dismissing Defendant/Third-Party Plaintiff McDonald Steel Corporation's ("McDonald") Third-Party Complaint for lack of personal jurisdiction.

1

On June 12, 2017, Plaintiff Titan Wheel Corporation of Illinois ("Titan") filed its Complaint against McDonald alleging claims for breach of contract, breach of express warranty, breach of implied warranty of fitness, breach of implied warranty of merchantability and negligence. The claims arise out of those parties' contractual relationship in which McDonald supplied steel to Titan for the purposes of manufacturing wheel and tire assemblies. Titan claimed damages in excess of $4,000,000, due to an alleged anomaly in the steel parts supplied to it by McDonald.

On August 11, 2017, McDonald filed a Third-Party Complaint against Hamilton, alleging counts for breach of contract, breach of express warranty, breach of implied warranty of fitness, breach of implied warranty of merchantability, statutory contribution and implied indemnity. McDonald purchased steel billets from Hamilton pursuant to a contract. McDonald alleges that the steel supplied to it by Hamilton was defected and resulted in the anomaly complained of in Titan's Complaint.

Per the contract, the product was made and sold by Hamilton at its plant in Hamilton, Ontario, Canada and was shipped to its customer McDonald in McDonald, Ohio. The contract includes a choice of law provision, which focuses solely on the laws of Hamilton's and McDonald's nations of incorporation or places of business, which does not include Illinois law.

McDonald is incorporated in the State of Ohio with its principal place of business located at 100 Ohio Avenue, McDonald, Ohio.

Hamilton is a Canadian Corporation. It was incorporated under the Province of New Brunswick's Business Corporation Act of 2007. Its principal place of business is located in Hamilton, Ontario, Canada. Hamilton maintained a single manufacturing plant located in Hamilton, Ontario.

Hamilton claims it does not market or advertise in the State of Illinois and has no physical presence in Illinois. Hamilton has only one or two customers in Illinois. During the Canada bankruptcy proceedings, a statement detailed $131,836,438.04 total deficiencies. Less than 1% of the total number of Hamilton's unsecured creditors are located in Illinois. There are 302 unsecured creditors listed on "List A," only three of which are located in Illinois. Hamilton's unsecured debt from Illinois creditors totals a mere $71,130.29 out of almost $132 million, or about one half of one percent. None of those creditors are involved in this case.

On January 29, 2018, Hamilton filed a Notice of Bankruptcy, notifying the Court of the order automatically staying all proceedings in Canada on January 29, 2018. On February 7, 2018, this Court stayed all proceedings against Hamilton.

McDonald filed a motion to lift the automatic bankruptcy stay in the Canadian Court to the extent of insurance. The motion was granted. On June 29, 2018, the

Court granted the motions of Titan and McDonald to lift the bankruptcy stay to the extent of insurance based on the Canadian Court's order.

## II. DISCUSSION

### A. Legal standard

In considering a motion to dismiss under Rule 12(b)(2), the Court accepts the Plaintiff's allegations concerning personal jurisdiction unless the allegations are refuted through undisputed affidavits. *See Swanson v. City of Hammond*, 411 F. App'x 913, 915 (7th Cir. 2011). Once a defendant challenges personal jurisdiction via a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of proving it exists. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

### B. Consent

McDonald alleges Hamilton, by and through its Trustee and insurer, consented to McDonald's claim against Hamilton in this Court. Specifically, the bankruptcy Trustee to whom Hamilton's assets and properties were assigned and Chubb (Hamilton's insurer) did not oppose the motion to lift automatic stay in the Canadian court and consented to the Canadian court's order lifting the bankruptcy stay "for the sole purpose of allowing McDonald Steel Corporation to establish liability, so that it may pursue its claim against Hamilton Specialty Bar's insurance proceeds and/or insurer(s) and for no other purpose in respect to the action

4

commenced by Titan Wheel Corporation of Illinois against McDonald Steel Corporation against Hamilton Specialty Bar (2007) Inc. in the United States District Court for the Central District of Illinois being case number 3:17-cv-03141-RM-TSH."

Hamilton states it simply took no position on McDonald's motion to lift stay. It claims, however, that does not equate to consenting to personal jurisdiction in the State of Illinois. The Court agrees. Hamilton never waived the defense of lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(1), by filing a motion or responsive pleading and failing to raise a jurisdictional defense. Additionally, a defendant can remove a case to federal court and then move to dismiss for lack of jurisdiction. *See Damasco v. Clearwire Corp.*, 10 CV 3062, 2010 WL 3522950, at *4 (N.D. Ill. Sept. 2, 2010), aff'd, 662 F.3d 891 (7th Cir. 2011). If a party does not waive that defense by taking the affirmative step of removing the case, it follows that a party does not consent to jurisdiction by not opposing a motion to lift stay to allow another party to proceed in its efforts to establish liability. Accordingly, the Court concludes Hamilton did not consent to jurisdiction.

C. <u>Affidavit of Attorney Shannon M. Harvey</u>

McDonald alleges that Hamilton's motion to dismiss has no support given that it relies upon an improper Affidavit of Attorney Shannon M. Harvey. The Court earlier noted that the affidavit for the most part is not based on personal knowledge

and contains hearsay statements and speculation about what other individuals knew or believed. Ms. Harvey states that she spoke last year with the Chief Financial Officer of Hamilton, Fred Burke, and its Chief Executive Officer, Gus Hiller, with the intention of preparing an affidavit for Mr. Burke's or Mr. Hiller's execution. In March 2018, the Ontario Superior Court of Justice appointed a receiver over HSB and directed the receiver to assign Hamilton into bankruptcy. Hamilton was completely liquidated and dissolved. Burke, Hiller and all other employees lost their jobs. Despite a good faith effort, Ms. Harvey states she not been able to locate Burke or Hiller and thus has not been able to obtain their executed affidavits.

Given those extenuating circumstances, the Court declined to strike the affidavit. The Court noted that, in considering Hamilton's motion to dismiss, the Court will determine what weight, if any, to give to the affidavit. Accordingly, the Court denied McDonald's motion to strike the affidavit.

D. Personal jurisdiction

Personal jurisdiction over a defendant can be established either through specific or general jurisdiction. *See Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). General jurisdiction concerns a defendant's "continuous and systematic" contacts with a state, whether or not the action is related to the contacts. *See id*. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the

State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Brook*, 873 F.3d at 552 (internal quotation marks omitted).

Given the extremely high threshold for general jurisdiction and based on the allegations in this case, the only potential type of jurisdiction over Hamilton would be specific jurisdiction.

"Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Under the Constitution, the inquiry is whether it is "fair and reasonable" to require the nonresident defendant to answer the plaintiff's claim; he must have contacts or ties with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). A defendant must purposefully avail itself of the privilege of conducting activities within a state, thereby invoking the protection of its laws. *See Burger King Co. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). The contacts must create a "substantial connection" with the state and not be the result of "random,"

7

"fortuitous" or "attenuated" contacts. *Id.* Thus, the litigation must result from alleged injuries that arise out of forum-related activities. *See id.* at 472.

The plaintiff cannot be the sole link between a defendant and the forum. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). While "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties," his "relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286.

Hamilton claims it is not subject to specific jurisdiction because it did not purposefully conduct business in Illinois with respect to the events in this case. Hamilton shipped a commodity product from its plant in Canada to McDonald's facility in McDonald, Ohio. It had no knowledge McDonald would use its raw materials to sell a product to an Illinois customer. Hamilton had no distribution scheme involving Illinois. Hamilton had no knowledge that McDonald intended to sell products containing the steel billets to Titan, an Illinois corporation, nor did Hamilton stand in a position to dictate or direct the sales. After shipping the steel billets to McDonald in Ohio, Hamilton was not privy to or in control of in what capacity the steel billets would be used or where they would be transferred thereafter. Accordingly, Hamilton did not purposefully direct its "suit-related conduct" to Illinois or "purposefully avail" itself of the privilege of conducting business in Illinois.

In determining whether a claim "relates to or arises out of a party's contacts," a court does not simply add up all of the contacts. *See GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009). "[T]o be relevant for personal jurisdiction, past contacts should either bear on the substantive legal dispute between the parties or relate to the operative facts of the case." *Id.* Accordingly, a plaintiff's cause of action "must *directly arise* out of the specific contacts between the defendant and the forum state." *Id.* (emphasis in original).

Hamilton notes that McDonald, in its Third-Party Complaint, alleges Hamilton is "doing business in the state of Illinois, including but not limited to, selling, shipping, and delivering good, including steel billets, in the State of Illinois, as well as, upon information and belief, advertising its good and services to entities in Illinois." Doc. No. 5, ¶ 2. Hamilton asserts these allegations are insufficient to withstand Hamilton's motion. There was no contract or customer relationship between Hamilton and McDonald that touched on the State of Illinois. Because the injury complained of by McDonald did not arise out of Hamilton's connections to Illinois, Hamilton contends specific personal jurisdiction cannot be established.

McDonald claims there is no burden on Hamilton to litigate this case in Illinois. Its claim is limited to Hamilton's insurance proceeds and/or insurer, and for no other purpose. Moreover, Hamilton has acknowledged that it actually conducted business in Illinois and, in fact, had a salesperson who lived and worked in Illinois.

9

McDonald contends that Hamilton sold its product--steel billets--to McDonald with the knowledge that its product would be distributed throughout the United States, including Illinois.

Citing *Calder v. Jones*, 465 U.S. 783 (1984), McDonald claims that for tort claims, the state in which the injury or damage occurs is then considered to be the state in which the tort occurred. *See id*. at 790. Tortfeasors should expect to be haled into Illinois courts if the injury occurred there. *Calder* involved a reporter and editor who wrote and edited an article that they knew would have a potentially devastating effect on the subject. *See id*. at 789. They knew the injury would be primarily felt in the State in which the subject lived and worked. *See id*. at 790. However, *Calder* differs significantly from this case because Hamilton could not have known that McDonald would use Hamilton's raw materials to sell its product to an Illinois customer. "[A]s a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011).

The Court is unable to conclude that the presence of a single employee who has no apparent relationship to the claims here is enough to establish jurisdiction in Illinois. In *Palmer v. Kawaguchi Iron Works, Ltd.*, 644 F. Supp. 327 (N.D. Ill. 1986), the district court determined that the presence of one Illinois employee who did not

10

contribute to the alleged injury was not enough to confer jurisdiction in Illinois over a non-resident Japanese corporation. *See id*. at 331.

According to the bankruptcy documents, less than 1% of the total number of unsecured creditors at the time of Hamilton's bankruptcy were located in Illinois. The three customers present in Illinois represent about one-half of one percent of Hamilton's unsecured debt at the time of the bankruptcy and are not related to this litigation.

It is apparent even without giving significant weight to Ms. Harvey's affidavit that Hamilton's contacts with Illinois are extremely limited and not continuous and systematic. These limited contacts are not suit-related. Moreover, Hamilton could not have foreseen that its commodity product would end up in the State of Illinois through the independent action of McDonald. There was no basis to suspect the steel billets would eventually be shipped to Illinois as opposed to another state. After selling the steel billets to McDonald in the State of Ohio pursuant to their contract, Hamilton had no knowledge or control over the product after its delivery. There was no purposeful availment of the privilege of conducting business in Illinois.

The Court concludes that it does not have general or specific jurisdiction over Hamilton.

Ergo, Third-Party Defendant Hamilton Specialty Bar (2007), Inc.'s motion to dismiss for lack of personal jurisdiction [d/e 27] is ALLOWED.

The Clerk will terminate Hamilton Specialty Bar (2007), Inc. as a party.

ENTER: April 9, 2019

FOR THE COURT: /s/ *Richard Mills*
Richard Mills
United States District Judge